# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### MOTION BY A PERSON IN FEDERAL CUSTODY
### TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

| UNITED STATES DISTRICT COURT | Division | MIAMI |
|---|---|---|
| Name of Movant/Defendant<br>Lazaro Diez | Prisoner No.<br>67994-004 | Case No.<br>04-20783-CIV-MOORE |
| Place of Confinement (including address)   Federal Correctional Institution<br>P.O. BOX 699, Estill, South Carolina 29918-0699 | | |

| UNITED STATES OF AMERICA     v.     LAZARO DIEZ, |
|---|
| (name under which convicted) |

### AMENDED MOTION

1. Name and location of court which entered the judgment of conviction under attack: __Judge K.__ __Michael Moore,__ assigned to case, at Federal Courthouse Square 301 N. Miami Avenue, Room 150, Miami Florida 33128-7788.

2. Date of judgment of conviction: July 15, 2002

3. Length of sentence: Imprisioned to 125 months

4. Nature of offense involved (all counts): Count I, II, & IV charge possession of device-making equipment; Count III charges use of counterfeit access devices; Count V charges possession of fifteen or more counterfeit & aunauthorized access devices; and Count VI charges possession of document-making implements for use in the production of a false identification document.

5. What was your plea? (Check one)
   (a) Not Guilty          [ ]
   (b) Guilty              [X]
   (c) Nolo contendere     [ ]

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details: **N/A**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        [ ]  **N/A**
   (b) Judge only  [ ]

1

7. Did you testify at the trial?
    Yes ☐ No ☐ **N/A** ☒

8. Did you appeal from the judgment of conviction to the Eleventh Circuit Court of Appeal?
    Yes ☒ No ☐

9. If you did appeal, answer the following:

   (a) Result: <u>The Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence.</u>
   (b) Date of result and mandate: <u>January 30, 2003.</u>

10. Did you file a petition for rehearing?
    Yes ☐ No ☒

11. If you did file a petition for rehearing, provide the date and result of the petition: <u>N/A</u>

12. Did you file a petition for certiorari review?
    Yes ☒ No ☐

13. If you did file a petition for certiorari review, provide the date and result of the petition: <u>On March 10, 2003 the Supreme Court denied the Petition for a Writ of Certiorari.</u>

14. Have you previously filed any post-conviction petitions, applications or motions, including previous § 2255 motions, with respect to this judgment in any federal court?
    Yes ☐ No ☒

15. If your answer to 14 was "yes," give the following information:

    (a) (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Grounds raised: _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

       Yes ☐ No ☐

    (5) Result: _____

    (6) Date of result: _____

2

(b) If you filed more than one such petition, please include the same information requested in 11(a) on a separate sheet of paper.

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on your petition, application or motion?
(1) First petition, etc.         Yes ☐    No ☐
(2) Second petition, etc.        Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action of any petition, application or motion, explain briefly why you did not?: _____

16. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

**Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.**

A. Ground one: CONVICTION AND SENTENCE OBTAINED AS A RESULT OF AN UNLAWFULLY INDUCED AND UNINTELLIGENT PLEA OF GUILTY

Supporting FACTS (state *briefly* without citing cases or law): Mr. Mastos was deficient during the period leading up to the Movant's change of plea, and at the change of plea because he induced the Movant to enter a plea of guilty by telling Movant that he would receive a sentence of 33 months, and also, where Mr. Mastos, told Movant that Movant would benefit from the Government's motion for a downward departure for his debriefing to a Secrete Service Agent. See

B. Ground two. **Memorandum of Law in support.**

Supporting FACTS (state *briefly* without citing cases or law):

3

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

17. As to the grounds listed in 16A, B, C, and D, explain whether any grounds were previously presented, and for those that were not previously presented, state *briefly* your reasons for not presenting them. None of the Grounds listed in 16A thru 16D were raised before, because of the ineffective assistance of counsel, Mr. Ruben Oliva, at sentencing and on appeal; and Mr. Theodore Mastos, at Change of Plea.

18. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes [ ]   No [X]

19. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes [ ]   No [X]

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐  No ☐

16. What relief do you request from this Court? <u>Movant prays that the Court **GRANT** his section 2255 motion on the basis of ineffective assistance of counsel, and allow him to replead otherwise to proceed to trial.</u> Alternatively, to resentence him to the maximum sentence of 41 months.

Wherefore, movant prays that the Court grant the relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty or perjury that the foregoing is true and correct. Executed on:

5-7-04                                         /s/ Lazaro Diez
(Date)                                         Signature of Movant/Defendant

IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):
[ ] delivered to prison officials for mailing, or [ ] deposited in the prison's internal mail system on

5-7-04        (date)

/s/ Lazaro Diez
Signature of Movant/Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| LAZARO DIEZ,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br>04-20783-CIV-MOORE<br>(01-1081-CR-MOORE)<br><br>MAG. JUDGE P.A. WHITE |

**MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT
TO TITLE 28 U.S.C.A. § 2255**

**BEFORE THIS HONORABLE COURT:**

**NOW COMES,** the Movant, Lazaro Diez, pro se, in the above captioned cause, who respectfully moves this Honorable Court to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C.§ 2255. In support of his motion for relief, Movant hereby respectfully submits this Memorandum of law and further provides as follows.

I.

**STATEMENT RELATIVE TO JURISDICTION**

The Movant submits that jurisdiction lies with this Court to adjudicate the grounds presented herein for relief pursuant to 28 U.S.C.A. § 2255.

Section 2255 of Title 28, provides a prisoner in custody under sentence of a federal court may file motion in the "court which imposed the sentence to vacate, set aside, or correct the sentence." The statute consequently, provides four (4) grounds that justify relief for a federal prisoner who challenges the imposition or length of his/her detention:

- (1) "that the sentence was imposed in violation of the Constitution or law of the United States;"
- (2) "that the Court was without jurisdiction to impose such sentence;"
- (3) "that the sentence was in excess of the * maximum authorized by law;" and
- (4) "that the sentence is otherwise subject to collateral attack."

28 U.S.C.A.§ 2255. See also Hill v. United States, 368 U.S.- 424, 426-27, 82 S.Ct. 468, 470-71, 7 L.Ed.2d 417 (1962)(construing statute). Cf. Davis v. United States, 417 U.S. 333, 343 (1974). Accordingly, only jurisdictional claims, constitutional claims, and claimed errors of federal law that are so fundamental as to have resulted in a "fundamental defect" in the proceedings causing a "complete miscarriage of justice are cognizable on collateral attack." United States v. Addonizio, 442 U.. 178, 184-186 (1979); Davis, supra, 417 U.S. at 346; Hill, supra, 368 U.S. at 428.

As such, Movant asserts that he meets the above listed grounds for relief in subsections one (1), three (3), and four (4), where the Movant raises herein claims of constitutional magnitude, and claimed errors of federal law that are so fundamental as to having resulted in "fundamental defects" in the

2

Movant's entire criminal proceedings, that is, during the period leading to the change of plea, during the taken of his plea of guilty, and during his sentencing and direct appeal proceedings, which are causing a continued and ongoing "miscarriage of justice."

Accordingly, this Court may properly reach the merits of the Movant's grounds for relief as Movant will evidence both cause for, and actual prejudice therefrom, for his failure to raise these allegations earlier in the proceedings, by clear and convincing evidence both in the record and off the record, sufficient to defeat the Movant's double procedural default. Otherwise, this Court may choose to decide whether the Movant inherently suffers from "fundamental defects" in his criminal proceedings, which are causing a "complete miscarriage of justice" inconsistent with the rudimentary demands of notice and fair procedure.

## II.

## ARGUMENTS

I. **Ground One**

   **CONVICTION AND SENTENCE OBTAINED AS A RESULT OF AN UNLAWFULLY INDUCED AND UNINTELLIGENT PLEA OF GUILTY IN VIOLATION OF HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW AND IN VIOLATION OF HIS SIX AMENDMENT RIGHT TO THE EFFECTIVE ASSITANCE OF COUNSEL**

A plea of guilty is a "grave and solemn act to be accepted only with care and discernment...." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); See Boykin v. Alabama, 395 U.S. 238, 243-244, 89 S.Ct.-

3

1709, 1712-13, 23 L.Ed.2d 274 (1969). Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed.2d 1009 (1927). A defendant has a Fifth Amendment right not to plead guilty and a Sixth Amendment right to demand a jury trial. United States v. Jackson, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968); Boykin, id. In federal court Rule 11 makes elaborate provision to insure that the plea is made voluntary and intelligently, i.e., that the defendant understands the nature of the charge, his rights, the consequences of the plea, and that there is a factual basis for the plea. See CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE, § 171.1 at 561-62. United States v. Henry, 113 F.3d 37, 40 (5th Cir. 1997). See also United States v. James, 210 F.3d 1342, 1344 (11th Cir. 2000)(same).

For a guilty plea to be entered knowingly and intelligently, "'the defendant must have not only the mental competence to understand and appreciate the nature and **consequences** of his plea but he also must be reasonably informed of the nature of the charges against him, and the **legal options and alternatives that are available**.'" Stano v. Dugger, 921 F.2d 1125, 1142 (11th Cir.)(en banc), cert. denied, 502 U.S. 835, 112 S.Ct. 116, 116 L.Ed.2d 85 (1991). Voluntariness implicates "[i]gnorance, incomprehension," and "inducements" as well as "coercion, terror" and "threats." Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); Stano, 921 F.2d at 1141. Thus, "[i]gnorance of the consequences of a guilty plea may require its rejection." Stano, 921 F.2d at 1141 (citing Boykin,

4

395 U.S. at 243-44, 89 S.Ct. at 1712).

The standard for determining the adequacy of counsel is whether counsel's representation fell below "an objective standard of reasonableness," and whether there is a "reasonable probability that but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); MacMann v. Richardson, 397 U.S. 759, 774 (1970);

In the present case, the Movant claims that his counsel, Mr. Theodore Mastos, induced him to accept a plea of guilty without advising him of the consequences of entering such a plea. This allegation is amply supported by the record, as the transcript of the change of plea proceedings clearly shows. **See Change of Plea Hearing Transcript** of January 30, 2002, at pgs. 2-6. The record evidences that during the time in which the negotiations of the plea agreement were in progress, the Movant was housed in the Special Housing Unit (SHU) in the Federal Detention Center. During this period of time, Movant's only knowledge was that he had to take and sign a plea agreement, as his counsel was instructing him to do, as counsel had advised him that he had nothing to worry about since the sentence he was going to receive was within the applicable guideline range of thirty-three (33) to forty-one (41) months which is the assigned sentence reflecting his base offense level of 13. The Movant's belief was sustained on what his counsel, Mr. Mastos, had told him, which was, that his sentence was going to be within the guideline range of 33 to 41 months.

5

In addition, Movant's counsel, Mr. Mastos, not only maliciously induced the Movant to enter into a plea agreement with the Government, but in order to convince him, Movant's counsel further promised Movant that he would receive the benefit of a government's downward departure motion, which consequently would have brought the Movant's potential sentence to a lower level, that being, base offense level 7, corresponding to a sentence of 15 to 21 months of incarceration.

In sum, Mr. Mastos, told the Movant that he, Mr. Mastos, had spoke with AUSA, Mr. Curtis Minor, and that there was an agreement with Mr. Curtis Minor, that in exchange for the Movant's assistance and after having debriefed to a government's secrete service agent, the Movant was going to be benefited with such motion. Nevertheless, that was a promise that neither the Government nor Mr. Mastos finally honored. In fact, presumedly there was never such an agreement, and there was never a Government secrete agent, it was only Mr. Mastos' malicious conduct in obfuscating the Movant in order to convince him to enter and sign the plea agreement with the government.

Although the Movant asked his counsel, Mr. Mastos, to inform him of any other facts that he (Movant) should know in reference to the consequences of the plea agreement before he accepted it and signing it, Mr. Mastos' answer was that everything was alright and that he (Movant) had just to sign the plea agreement for his own good, which the Movant blindly accepted and consequently signed the plea agreement.

**The Movant argues that Mr. Mastos representation was**

**unprofessional and deficient** since Mr. Mastos induced Movant to enter into a plea agreement with the Government without advising him of the real circumstances and consequences that such plea would bring in reality, to the extent that the Movant had to finally change Mr. Mastos from representing him in any further proceedings. The Movant did not find-out about the Government's intention, muchless, its ability to seek an upward departure, which increased his exposure to a sentence of one-hundred and twenty-five (125) months sentence until Mr. Mastos, (after Movant had signed the plea agreement and the PSI was prepared and issued) informed Movant of these changed circumstances, circumstances that Mr. Mastos surely knew at all times. See Betancourt v. Willis, 814 F.2d 1546, 1549 (11th Cir. 1987) (finding that defendant was denied his right to effective assistance of counsel where counsel induced defendant to enter into a plea agreement by telling defendant that judge had agreed to reduce his sentence at later time to ensure that it was commensurate with federal sentences of codefendants....); McBryar v. McElroy, 510 F.Supp. 706 (N.D. Ga. 1981)(defendant's guilty plea was involuntary because his attorney misrepresented that the prosecution had agreed to give the defendant probation in return for cooperation and entry of a guilty plea).

This **unprofessional and deficient counsel's performance prejudiced** the Movant's ability to knowingly and intelligently making a decision about entering to such a plea agreement or going to trial and having a jury determine his guiltiness beyond a reasonable doubt. Had the Movant known that he would receive

7

a sentence of 125 months as opposed to a maximum sentence of 41 months, which the sentencing guidelines assigned to his offenses of conviction a base offense level of 13, the Movant would have opted in going to trial and having the jury determine his guiltiness and punishment beyond a reasonable doubt. Now, since the Movant received a significant increase of 48 months in his sentence because of Mr. Mastos deficient performance, Movant's conviction and sentence must be vacated due to the violation of his sixth Amendment Right to the effective assistance of counsel. Glover v. United States, 531 U.S. 198, 203-04 121 S.Ct. 696, 700-01, 148 L.Ed. 2d 604 (2001)(A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance.") Id.

**WHEREFORE,** the movant's contention is that notwithstanding of the court's change of plea colloquy in compliance with Rule 11, it cannot be said that the Movant was fully informed of the elements of the offenses charged and of the relevant facts of law as to the offenses to which he was pleading to, being this due to the deficient performance rendered by Mr. Mastos, who never, at no time, discussed informed, or instructed the Movant as to the legal condequences of entering to such plea agreement.

Respecfully submitted this 7th day of May, 2004

Lazaro Diez
Reg.No.. 67994 004, Unit AA
Federal Correctional Institution
P.O. BOX 699
Estill South Carolina 29918 0699

## CERTIFICATE OF SERVICE

This is to certify that one copy of the foregoing MEMORANDUM OF LAW in support of Movant's section 2255 motion was duly served upon the following: U.S. Attorney, Sharon Medeiros, 99 N.E. 4th Street, Miami, Florida 33132, by placing a copy in the U.S. Mail[1/], with first class pre-paid postage this 7th day of May, 2004.

Done this 7th day of May, 2004.

*[signature]*

Lazaro Díez
Reg. No.: 67994-004, Unit AA
Federal Correctional Institution
P.O. BOX 699
Estill, South Carolina 29918-0699

---

*[signature]*

1/  The Movant invokes the holding of Houston v. Lack as interpreted in Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999), for the proposition that a § 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing.